CONSOLIDATED TRACTION CO. v. GUARANTORS' LIABILITY & IN-DEMNITY CO. OF PENNSYLVANIA.

(Circuit Court, D. New Jersey. February 13, 1897.)

REMOVAL OF CAUSES—RIGHT TO SPEED FILING OF RECORD.

After a party has filed his petition and bond in the state court, the opposing party may file a copy of the record in the federal court before the expiration of the time limited for the removing party to do so; and the court may then require the latter to plead. Arthur's Adm'rs v. Insurance Co., Fed. Cas. No. 565, 7 Reporter, 329, followed.

Vredenburgh & Garretson, for plaintiff.

Depue & Parker, for defendant.

KIRKPATRICK, District Judge. This suit was commenced by summons in the supreme court of the state of New Jersey on October 22, 1896. The time for the defendant to plead expired January 1, 1897. On the 30th December, 1896, the defendant filed its petition and bond for the removal of the cause to this court. The time within which the defendant would be obliged to file the record in this court would not expire until the first day of the next term, viz. March 23, 1897. On the 16th January, 1897, the plaintiff filed a copy of the record in this court, and gave notice thereof to the defendant, who, failing to plead, was, by order of this court dated February 2d, required to do so within 15 days thereafter. The motion now is to set aside as improvidently granted this order to plead. While there seems to be a difference of opinion among the judges as to the status of cases removed from state courts between the time of filing the petition and bond in the state court and the first day of the next term of the United States court to which the case has been removed, I find the question determined in this circuit. In Arthur's Adm'rs v. Insurance Co., 7 Reporter, 329, Fed. Cas. No. 565, McKennan, J., says:

"The state court ceases to have jurisdiction upon the proper filing of the petition and bond in cases where the act of congress gives jurisdiction in the cause to the court. The result is that the cause from that time is in theory in this court, and the only question is whether, where the party who has the right neglects to file the copy, to the detriment of the other party, the latter cannot do it for him. I have no doubt that he can."

The rule so laid down has been followed in practice in this circuit, and orders have been granted to speed the cause before the expiration of the time limited to the removing party for filing a copy of the record in this court. The motion will be denied.